<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ITZEL MACHADO, | |
| Plaintiff, | Civil Action No. 14-7401 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| LAW OFFICES OF JEFFREY H. WARD, et al., | |
| Defendants. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Defendant Cadles of Grassy Meadows II, LLC's ("Cadles") motion to withdraw and nullify the offer of judgment by Cadles. (ECF No. 30.) Plaintiff Itzel Machado ("Plaintiff") filed opposition (ECF No. 31), and Cadles replied (ECF No. 32). The Court has carefully considered the parties's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Cadles's motion is denied.

**I.    <u>Background</u>**

On November 26, 2014, Plaintiff filed a complaint against the Law Offices of Jeffrey H. Ward ("Ward") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Compl. ¶ 1, ECF No. 1.) On February 9, 2015, Plaintiff filed a motion for leave to amend the complaint to add Cadles as a defendant in the action. (EFC No. 8.) The Court granted the motion to amend the complaint on June 10, 2015 (ECF No. 11), and on July 1, 2015, Plaintiff filed an amended complaint against both Ward and Cadles (EFC No. 12). Pursuant to Federal

Rule of Civil Procedure 68, on July 27, 2015, Cadles made an Offer of Judgment to Plaintiff "in the amount of $3,001.00, together with reasonable attorney's fees and costs" (the "Offer"). (Notice of Acceptance, Ex. A, ECF No. 23.) On July 29, 2015, Plaintiff accepted Cadles's Offer via e-mail message (Def.'s Moving Br., Ex. B, ECF No. 30), and on August 4, 2015, Plaintiff filed a Notice of Acceptance of Cadles's Offer with the Court (Notice of Acceptance, ECF No. 23).

## II.    **Legal Standard**

An offer of judgment is intended to "encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). It "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.* Rule 68 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). If the offer is not accepted, it "is considered withdrawn, but it does not preclude a later offer." Fed. R. Civ. P. 68(b). Rule 68 offers of judgment are governed by "basic principles of contract law." *Henderson v. Sterling, Inc.*, No. 97-2009, 1998 WL 171340, at *4 (4th Cir. Apr. 14, 1998); *see also Radecki v. Amoco Co.*, 858 F.2d 397, 400 (8th Cir. 1988) ("To decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law."); *Whitehouse v. Target Corp.*, 279 F.R.D. 285, 287 (D.N.J. 2012) ("[I]n interpreting whether an offer and acceptance are valid pursuant to Rule 68, principles of contract law govern."). Accordingly, an offer and acceptance pursuant to Rule 68 requires a

"meeting of the minds." *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1209 (11th Cir. 1983); *see also Radecki*, 858 F.2d at 400 ("[T]here must be an objective manifestation of mutual assent, . . . a 'meeting of the minds' . . . ."). As such, ambiguities in offers of judgment will be construed against the offeror in accordance with customary rules of contract interpretation. *See, e.g., Lima v. Newark Police Dep't*, 658 F.3d 324, 330 (3d Cir. 2011) (noting that "ambiguities in Rule 68 offers are to be resolved against the offerors") (citing *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391-93 (7th Cir. 1999)).

Unlike common law principles of contract law, however, Rule 68 offers are "treated as irrevocable fourteen-day option contracts[,]" and "neither a rejection nor a counteroffer terminates the offeree's ability to accept a Rule 68 offer," so long as acceptance is made "within the fourteen-day period." *Garayalde-Rijos v. Municipality of Carolina*, 799 F.3d 45, 47 (1st Cir. 2015); *see also Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 764 (D.C. Cir. 1995) ("[T]he few federal courts that have considered the revocability of offers under Rule 68 . . . have treated Rule 68 offers as at least generally irrevocable during the [14]-day period."). Therefore, once a Rule 68 offer of judgment is served and the serviced party accepts within fourteen days after service, "the court has no discretion to withhold its entry or otherwise to frustrate the agreement," and "only traditional contract defenses c[an] be used to extricate a party from an otherwise binding agreement." *Mallory v. Eyrich*, 922 F.2d 1273, 1279-80 (6th Cir. 1991).

## III.   Analysis

In the motion sub judice, Cadles argues that Plaintiff's acceptance of Cadles's Offer was invalid because Plaintiff did not have a clear understanding of the terms of the Offer and there was no "meeting of the minds" between the parties at the time of acceptance. (Def.'s Moving Br. 14, ECF No. 30-18.) To support this argument, Cadles relies on the parties's e-mail

correspondence exchange following Cadles's transmission of the Offer to Plaintiff. (*Id.* at 7.) In this exchange, Plaintiff accepted the Offer, but proposed that the parties "agree on an acceptable amount of attorney's fees and costs and avoid filing the judgment." (*Id.* at 3.) Cadles argues that the parties's subsequent correspondence and failure to reach an agreement on attorney's fees and costs demonstrates that there was no mutual assent to the terms of the Offer at the time of acceptance, and that the Offer should be withdrawn and made null. (*Id.* at 7-8.) Plaintiff counters that her acceptance of Cadles's Offer via e-mail message was independent of the parties's subsequent e-mail correspondence regarding attorney's fees and expenses, and did not "modify the terms of [the O]ffer, such that there was no 'meeting of the minds.'" (Pl.'s Opp'n Br. 5, ECF No. 31.) Additionally, Plaintiff argues that the Offer cannot be withdrawn because Plaintiff's notice of acceptance was properly filed on August 4, 2015, within fourteen days after being served, in accordance with Rule 68(a). (*Id.* at 6.)

Here, the Court finds that Cadles has failed to show that there was not a meeting of the minds as to the terms of Cadles's Offer. First, the parties's subsequent correspondence regarding attorney's fees and expenses is immaterial to whether there was a meeting of the minds between the parties. To determine whether an offer of judgment is ambiguous such that there was no meeting of the minds, "[e]xtrinsic evidence of the parties'[s] subjective intent is not admissible," and the Court must look only to the offer and acceptance itself. *Lima*, 658 F.3d at 331; *see also Barton v. Mid-Atl. Flooring Ventures Inc.*, No. 13-4592, 2015 WL 4914441, at *4 (D.N.J. Aug. 18, 2015) ("[T]he Court cannot consider extrinsic evidence at all when considering a Rule 68 offer of judgment."). Therefore, Cadles's argument that the subsequent correspondence between the parties following Plaintiff's acceptance demonstrates that there was no meeting of the minds is inadmissible.

Second, the plain language of Cadles's Offer did not lack definite meaning such that there was no meeting of the minds between the parties regarding the terms of the Offer. Cadles's Offer of Judgment stated:

> Cadles of Grassy Meadows II, LLC, defendant in this action, by and through its undersigned attorneys, Schumann Hanlon LLC, offers to allow judgment to be entered against itself by the Plaintiff in the amount of $3,001.00, together with reasonable attorney's fees and costs accrued to this date. This offer is made pursuant to F.R.Civ.P. 68, and evidence of this offer is not admissible except in a proceeding to determine costs. If this offer is not accepted in writing within fourteen (14) days after it is served, it will be deemed withdrawn.

(Notice of Acceptance, Ex. A.) Although the plain language of Cadles's Offer does not indicate an amount for reasonable attorney's fees, an unspecified amount for attorney's fees and costs does not render an offer of judgment ambiguous as to its terms, so long as the judgment does not exclude costs. *See, e.g., Marek*, 473 U.S. at 6 ("[I]t is immaterial whether the offer . . . specifies the amount the defendant is allowing for costs. . . . As long as the offer does not implicitly or explicitly provide that the judgment not include costs . . . .") (emphasis omitted). Rather, several courts "require that a Rule 68 offer of judgment must explicitly state that costs are included; otherwise those costs must be determined by the court." *Lima*, 658 F.3d at 330; *Henderson*, 139 F.3d at 4 ("In the absence of either an express agreement by the parties or a specified sum in the Offer of Judgment, the amount of costs and attorneys' fees are to be determined by the district court."); *LaPierre v. City of Lawrence*, 819 F.3d 558, 563 (1st Cir. 2016) (noting that an offer of judgment that is silent "as to whether it was inclusive of costs, must be read to be exclusive of costs and thus to be neither 'incomplete [n]or ambiguous' as to that issue"). Furthermore, Cadles's Offer employs the language "reasonable" to describe attorney's fees and costs, and states "evidence of this offer is not admissible except in a proceeding to determine costs."

5

(Notice of Acceptance, Ex. A.) Such language supports an intent to have attorney's fees and costs set by the court in a later proceeding. *See, e.g.*, *Barton*, 2015 WL 4914441, at *5 (holding that the plain language of an offer, which used the language "reasonable attorney's fees," indicated that attorney's fees were not included in the offer amount). Therefore, Cadles's Offer is definite in meaning because an offer of judgment does not require a specified amount for attorney's fees and costs, and the Offer did not exclude costs entirely such that there was no meeting of the minds between the parties.

Accordingly, Cadles's Offer was not ambiguous such that Plaintiff's acceptance lacked a mutual assent as to the terms of the Offer. Cadles's Offer unambiguously allowed judgment to be entered against itself in the amount of $3,001.00, together with reasonable attorney's fees and costs, which can be determined by the Court.

## IV.    Conclusion

For the reasons set forth above, Cadles's motion is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** June 29th, 2016