**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ITZEL MACHADO,

    Plaintiff,

v.

LAW OFFICES OF JEFFREY H. WARD, et al.,

    Defendants.

Civil Action No. 14-7401 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Itzel Machado's ("Plaintiff") Motion for Attorneys' Fees and Costs seeking counsel fees and expenses incurred during her lawsuit against Defendants Law Offices of Jeffrey H. Ward[1] ("Ward") and Cadles of Grassy Meadows II, LLC ("Defendant"). (ECF No. 54.) Defendant filed opposition (ECF No. 55), and Plaintiff replied (ECF No. 56). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs as modified in the amount of $2715.

**I.   Background**

On November 26, 2014, Plaintiff filed a Complaint against Ward, alleging two Counts: (1) violations of the Fair Debt Collection Practices Act ("FDCPA") (Count One), 15 U.S.C. §§ 1692 *et seq.*; and (2) Invasion of Privacy by Intrusion upon Seclusion (Count Two). (Compl.

---

[1] On October 12, 2016, Ward was dismissed as a party with prejudice. (Oct. 12, 2016 Order, ECF No. 49.)

¶ 1, ECF No. 1.) On July 1, 2015, with leave from the Court, Plaintiff filed an Amended Complaint that added Defendant as a party and a Civil Conspiracy claim under Count Two. (Am. Compl. ¶¶ 1, 6, ECF No. 12.) Under both Counts, Plaintiff requested actual damages, any applicable statutory damages, reasonable attorneys' fees and costs, and any other appropriate relief. (*Id.* at 6, 8.) On July 27, 2015, Defendant made an Offer of Judgment ("Offer") of $3001 (the "Award") that included "reasonable attorney[s'] fees and costs" pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"). (Notice of Acceptance, ECF No. 23.)

On August 10, 2015, Plaintiff filed a Motion for Attorneys' Fees and Costs, which the Court dismissed with leave to refile after the parties conducted "brief discovery regarding the attorney[s'] fee claim." (Mot. for Att'ys' Fees, ECF No. 24; Sept. 9, 2015 Order, ECF No. 29.) On November 19, 2015, Defendant filed a Motion to Withdraw and Nullify the Offer of Judgment. (ECF No. 30.) The Court denied Defendant's Motion, finding that the Offer included reasonable attorneys' fees and costs, which would be determined by the Court. (June 29, 2016 Mem. Op., ECF No. 35.) On November 22, 2016, Plaintiff filed a renewed Motion for Attorneys' Fees and Costs. (Pl.'s Moving Br., ECF No. 54-5.) Plaintiff now moves for attorneys' fees in the amount of $10,880 and costs in the amount of $573. (*Id.* at 5.) The Court now turns to the instant Motion.

II. **Legal Standard**

Attorneys' fees and costs "may be awarded to a prevailing party . . . where authorized by statute, court rule or contract." *Apple Corps., Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998). "A 'prevailing' plaintiff entitled to a fee award is one who has succeeded on 'any significant issue in litigation [that] achieves some of the benefit the part[y] sought in bringing the suit.'" *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 601-02 (D.N.J. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, the FDCPA requires the award of reasonable

2

attorneys' fees, in usual circumstances, to go to those successful in a debt collection action. *Id.*; 15 U.S.C. § 1692k(a)(3). Further, Plaintiff is a prevailing party pursuant to the Offer.[2] The Court, therefore, turns to the reasonableness of the attorneys' fees and costs requested by Plaintiff.

The "party seeking attorney[s'] fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To satisfy this burden, "the fee petitioner must 'submit evidence supporting the hours worked and [the] rates claimed.'" *Id.* (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "In a statutory fee case, once the fee petitioner 'submit[s] evidence supporting the hours worked and [the] rates claimed,' the party opposing the fee application has the burden to challenge the reasonableness of the requested fee." *McKenna v. City of Phila.*, 582 F.3d 447, 459 (3d Cir. 2009) (alteration in original) (quoting *Hensley*, 461 U.S. at 433).

In assessing whether attorneys' fees are reasonable, courts calculate the "lodestar" amount, which is a product of the hours reasonably expended and the reasonable hourly rate. *Blakey*, 2 F. Supp. 2d at 602. Reasonable hourly rates are typically determined based on the market rate in the attorney's community for lawyers of similar expertise and experience. *Interfaith*, 426 F.3d at 712. "The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Pub. Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). After a court ascertains a reasonable hourly rate, it must then determine whether the hours that the attorney expended are reasonable. *Hensley*, 461 U.S. at 433-34. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary," *Rode*, 892 F.2d

---

[2] In the Court's June 29, 2016 Memorandum Opinion, the Court found that the Offer is reasonable and constitutes a valid contract. (June 29, 2016 Mem. Op. 6.)

3

at 1183, and any such hours must be excluded from the Court's lodestar calculation. *Hensley*, 461 U.S. at 433-34. The Court, however, must be prompted by the opposing party to review specific charges and cannot make any adjustments *sua sponte*. *Interfaith*, 426 F.3d at 711. The lodestar calculation is presumed reasonable, but the "[C]ourt can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Washington v. Phila. Cty. Ct. of Com. Pl.*, 89 F.3d 1031, 1035 (3d Cir. 1996); *Rode*, 892 F.2d at 1183.

### III. Discussion

#### A. Motion for Attorneys' Fees and Costs

##### 1. Reasonable Hourly Rate

Plaintiff seeks compensation for the legal services performed by Brent F. Vullings, Esq. ("Mr. Vullings") of the Vullings Law Group, LLC, at a rate of $425 per hour.[3] (Pl.'s Moving Br. 5.) "A reasonable hourly rate is the market rate prevailing in the relevant legal community." *Doe v. Terhune*, 121 F. Supp. 2d 773, 781 (D.N.J. 2000). "To determine a reasonable hourly rate, the Court must 'assess the experience and skill of the prevailing party's attorney[] and compare [his] rate[] to the rate[] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Shelton v. Restaurant.com Inc.*, No. 10-824, 2016 WL 7394025, at *3 (D.N.J. Dec. 21, 2016) (quoting *Rode*, 892 F.2d at 1183). The movant bears the burden of demonstrating that the requested hourly rate meets the "reasonable market rate for

---

[3] Defendant argues that Mr. Vullings's rate is a phantom rate. (Def.'s Opp'n Br. 7, ECF No. 55.) Contrary to Defendant's argument, Mr. Vullings's stated rate is $425 per hour. (Def.'s Opp'n Br., Ex. A, ECF No. 55-2.) The Honorable Tonianne J. Bongiovanni, U.S.M.J., addressed the fee-rate issue and reviewed the redacted portions of the attorney retainer agreement. (Oct. 31, 2016 Order, ECF No. 51.) Upon in camera review of the unredacted agreement, Judge Bongiovanni found that the redacted information was not relevant to the issue of the agreed upon billing rate and that other supporting information would suffice in supporting Mr. Vullings's hourly rate. (*Id.*) The Court finds Defendant's argument unpersuasive and declines to address this issue here.

the essential character and complexity of the legal services rendered." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (citation omitted). In support of the fee petition, the movant may satisfy its burden by submitting evidence such as, "affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." *Interfaith*, 426 F.3d at 703 n.5; *Apple Corps.*, 25 F. Supp. 2d at 492. "Ultimately, the determination of a reasonable hourly rate is within the sound discretion of the court." *Doe*, 121 F. Supp. 2d at 781; *see Apple Corps.*, 25 F. Supp. 2d at 492 ("If the fee applicant fails to meet its initial burden or if the opposing party challenges the fee applicant's proffer, the determination of the appropriate market rate is vested within the court's discretion.").

In support of the fee petition, Plaintiff submitted an invoice of the services performed by Mr. Vullings and a declaration from Mr. Vullings, which sets forth his customary rate and billing practices along with fees for services rendered in the instant matter. (Pl.'s Moving Br., Exs. A, B, ECF Nos. 54-2, 54-3.) Plaintiff, however, failed to submit details related to Mr. Vullings's expertise or the market rate for similarly situated attorneys. *See Rode*, 892 F.2d at 1183 (explaining that reasonable hourly rates are calculated based on a comparison of the attorney's skills and experience in regards to the market rate for similar attorneys in the community); *Apple Corps.*, 25 F. Supp. 2d at 492 (stating that non-party attorneys may submit affidavits attesting to the market rate). In light of Plaintiff's failure to meet her burden, the Court will exercise its discretion to determine a reasonable hourly rate for Mr. Vullings.

As the Third Circuit has found it permissible for courts to employ the Community Legal Services of Philadelphia ("CLS") fee schedule in determining a reasonable rate for attorneys' fees, the Court employs that fee schedule in its determination of Mr. Vullings's hourly rate. *See Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001). Here, Plaintiff seeks to recover fees

at a rate of $425 per hour for Mr. Vullings, a partner at the Vullings Law Group, LLC with over ten years of experience in the legal field.[4] (Pl.'s Moving Br. 5, Exs. A, B.) Based on the CLS fee schedule, Mr. Vullings's reasonable rate is $360-$440 per hour, the range of hourly rates for an attorney with eleven to fifteen years of experience.[5] *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited June 26, 2017). The Court, therefore, concludes that a reasonable rate for Mr. Vullings's services is $360 per hour.

2. Reasonable Hours Expended on Litigation

Plaintiff seeks $10,880 in legal fees for 25.6 hours expended by Mr. Vullings.[6] (Pl.'s Moving Br. 5, Ex. A at 1-3.) Defendant opposes Plaintiff's fee petition, and requests that the Court reduce the total fee award, as no more than two hours were reasonably devoted to Plaintiff's claims against Defendant. (Def.'s Opp'n Br. 8.) Defendant argues that the Court should subtract fees for the following: (1) services rendered for prosecuting claims against Ward; (2) amending the Original Complaint; and (3) reviewing and responding to Defendant's Motion to Quash. (Def.'s Opp'n Br. 3-5.) The Court will examine Defendant's objections in turn.

---

[4] According to Mr. Vullings's declaration, he has been practicing law continuously for thirteen years and is licensed in Pennsylvania and the United States District Court for the District of New Jersey. (Pl.'s Moving Br., Ex. B at 2.)

[5] Plaintiff argues that Mr. Vullings's $425 hourly rate was found to be a reasonable hourly rate in another case decided in the Eastern District of Pennsylvania. (Pl.'s Moving Br. 5.) Plaintiff, however, failed to include that court's decision in her fee petition.

[6] Defendant contests 21.15 hours of the 25.6 hours billed by Mr. Vullings. (Def.'s Opp'n Br. 3-5; Pl.'s Moving Br., Ex. A.)

a. <u>Plaintiff's Claims Against Ward</u>

Plaintiff submits billing records for 15.4 hours expended in pursuing claims against Ward that resulted in a request for $6545 in fees. (Pl.'s Moving Br., Ex. A at 1-2.) Defendant objects to the hours expended in researching, drafting, filing, and prosecuting claims against Ward. (Def.'s Opp'n Br. 3.) A court may reduce excessive, redundant, or unnecessary charges. *Rode*, 892 F.2d at 1185. Such charges include those "for attorney hours devoted to the case against other defendants . . . who are found not to be liable" and are normally not compensable. *Id.* These hours are compensable, however, when a "'plaintiff can establish that such hours also were fairly devoted to the prosecution of the claim[s] against' the defendants over whom plaintiff prevailed." *Id.* (quoting *Pawlak v. Greenawalt*, 713 F.2d 972, 979 (3d Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984)).

Here, Plaintiff's claims against Ward were "dismissed with prejudice and without costs to the parties" and no liability can be attributed to Ward. (Oct. 12, 2016 Order.) The Court, therefore, concludes that Defendant is not liable for claims that Plaintiff brought against Ward. *See Rode*, 892 F.2d at 1185 (stating that co-defendants are not liable for claims brought against those defendants who are not liable). Accordingly, the Court will exclude the hours expended on services rendered for claims against Ward. The chart below reflects the lodestar for Mr. Vullings for the services rendered as to claims against co-defendant Ward.

| Attorney Name | Hrs. Expended | Discounted Hrs. | Court's Rate | Total Fee |
|---|---|---|---|---|
| B. Vullings | 15.4 | 0 | $ 360.00 | $ 0 |
| | | | **Fee Award** | $ 0 |

7

b. Filing of the Amended Complaint

Plaintiff submits billing records for 4.2 hours expended in connection with filing the Amended Complaint. (Pl.'s Moving Br., Ex. A at 2.) Defendant contends that expending 4.2 hours to draft and revise a motion to amend a complaint is excessive because "only fifty words or so" were changed from the Original Complaint to the Amended Complaint. (Def.'s Opp'n Br. 4.) Upon the Court's review of the pleading, the Court finds that more than fifty words were changed, and that the Amended Complaint is sufficiently different from the Original Complaint to justify at least a partial award of fees.[7] (*Compare* Compl., *with* Am. Compl.) Notably, however, Mr. Vullings billed more hours to draft the Amended Complaint than the hours he expended to draft and revise the Original Complaint. (*See* Pl.'s Moving Br., Ex. A at 1-2.) The Court, therefore, will reduce the amount of hours expended by Mr. Vullings in preparing the Amended Complaint by 2.7 hours. Accordingly, the Court awards Plaintiff $540 in legal fees for hours expended on preparing the Amended Complaint. The chart below reflects the lodestar for Mr. Vullings for the services rendered as to the Amended Complaint.

| Attorney Name | Hrs. Expended | Discounted Hrs. | Court's Rate | Total Fee |
|---|---|---|---|---|
| B. Vullings | 4.2 | 0 | $ 360.00 | $ 540.00 |
| | | | **Fee Award** | **$ 540.00** |

c. Plaintiff's Opposition to Defendant's Motion to Quash

Plaintiff seeks 1.55 hours associated with this Motion. (Pl.'s Moving Br., Ex. A.) Defendant contends that the time involved performing this task was unnecessary because the fees

---

[7] In Defendant's Reply to Plaintiff's first Motion for Attorneys' Fees and Costs, Defendant attached an exhibit in which the differences between the Original and Amended Complaints were underlined. (Def.'s Reply Br., Ex. K, ECF No. 25-11.)

generated were a result of Mr. Vullings's carelessness in improperly filing the Amended Complaint. (Def.'s Opp'n Br. 4-5.) The Court finds that the time expended as a result of counsel's inability to follow Court rules was unnecessarily charged. The Court, therefore, will exclude the time expended by Mr. Vullings in preparing opposition to Defendant's Motion to Quash. The chart below reflects the lodestar for services rendered with respect to Defendant's Motion to Quash.

| Attorney Name | Hrs. Expended | Discounted Hrs. | Court's Rate | Total Fee |
|---|---|---|---|---|
| B. Vullings | 1.55[8] | 1.55 | $ 360.00 | $ 0 |
| | | | **Fee Award** | $ 0 |

Based on the billing records submitted in support of Plaintiff's fee petition, the Court finds that 5.95 hours were reasonably expended by Mr. Vullings in performing legal services pertaining to Defendant.[9] The Court, therefore, concludes that Mr. Vullings is entitled to $2142 in attorneys' fees.

---

[8] Mr. Vullings billed 0.4 hours on two separate occasions and 1.5 hours in another entry for services related to the Motion to Quash and opposition to Defendant's Motion to Dismiss. (*See* Pl.'s Moving Br., Ex. A.) With respect to the 1.5 hours billed, based on the description found in billing invoice, the Court finds that counsel expended 0.75 hours on the Motion to Quash.

[9] Defendant contests all services rendered by Mr. Vullings for claims brought against Ward, which amount to 15.4 hours billed from November 12, 2014 to February 5, 2015. (Def.'s Reply Br. 3; Pl.'s Moving Br., Ex. A at 1-2.) Based on the above reductions, the Court subtracted 15.4 from the total hours billed. (*See id.* at 3.) As such, 10.2 hours were expended by Mr. Vullings pertaining to Defendant. Defendant also challenges the 4.2 hours that Mr. Vullings expended on drafting and revising the Motion to Amend the Complaint. (Def.'s Reply Br. 4.) The Court reduced the 4.2 hours to 1.5 hours, eliminating 2.7 hours. Finally, Defendant argues that the hours Mr. Vullings expended reviewing and responding to Plaintiff's Motion to Quash is unreasonable. (*Id.* at 4-5.) The Court agreed and excluded the 1.55 hours associated with the Motion. In sum, the Court excluded claims against Defendant to find a total of 5.95 hours reasonably expended pertaining to Defendant.

9

3. Costs

Rule 68 provides, in pertinent part: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the *costs* then accrued." Fed. R. Civ. P. 68(a) (emphasis added). The scope of costs under Rule 68 has been interpreted as encompassing "all costs properly awardable under the relevant substantive statute." *Marek v. Chesny*, 473 U.S. 1, 2 (1985). The FDCPA also defines "costs" as "the costs of the action." 15 U.S.C. § 1692k(a)(3). Here, Plaintiff incurred $573 in costs associated with the instant action. (Pl.'s Moving Br. 5, Ex. A.) Pursuant to the Offer, Defendant is liable for all costs incurred by Plaintiff in bringing the action, which amount to $573. Because the costs involved here are primarily for court fees and service of process, the Court equally apportioned the costs between both Counts. (*Id.*) The Court, therefore, allocates $286.50 to Counts One and Two, respectively.

**B.  Apportionment of the Offer Pursuant to the Bankruptcy Order**

Pursuant to 11 U.S.C. § 522(d), Plaintiff claimed personal property exemptions in her bankruptcy proceeding. *In re Machado*, No. 16-12533 (Bankr. D.N.J. Feb. 12, 2016). Defendant objected to those exemptions and the Honorable Vincent F. Papalia, U.S.B.J., overruled Defendant's objection regarding Plaintiff's FDCPA claim. *Id.* Judge Papalia found that "[t]he allowed amount of such claim and its exempt status will be determined: (i) based upon the outcome of [the present matter.]" *Id.* Plaintiff seeks full apportionment of the Offer to Count One of the Amended Complaint.

In addition to providing costs, Rule 68 provides that a defending party may make an Offer of Judgment on specific terms to an opposing party. Fed. R. Civ. P. 68(a). The purpose of Rule 68 is to "encourage settlement and avoid litigation." *Marek*, 473 U.S. at 5. Accordingly, Rule 68

permits parties to include attorneys' fees in such offers. *Id.* at 2. Here, the parties differ on how to apportion the attorneys' fees and costs amongst the two Counts. Plaintiff argues that the fees and costs can only be allocated to Count One, because this is the only Count that is based on a fee-shifting statute. (Pl.'s Moving Br. 11-12.) In contrast, Defendant argues that the attorneys' fees and costs should be equally distributed among both Counts or that one-third of the Award should be allocated to Count One and the remaining two-thirds should be apportioned to Count Two. (Def.'s Opp'n Br. 10.)

Although a Rule 68 Offer of Judgment is considered a contract, the Third Circuit does not permit the introduction of extrinsic evidence of negotiations in regards to attorneys' fees. *Bilazzo v. Portfolio Recovery Assocs.*, 876 F. Supp. 2d 452, 459 (D.N.J. 2012); *Kyreakakis v. Paternoster*, 732 F. Supp. 1287, 1290 n.3 (D.N.J. 1990); *Torres v. Metro. Life Ins. Co.*, 189 F.3d 331, 333 (3d Cir. 1999). To that end, any ambiguities in an offer are construed against the offeror. *See Lima v. Newark Police Dep't*, 658 F.3d 324, 330 (3d Cir. 2011). It does not matter that "a laundry list of the elements of relief included within an offer or specific mention of attorney[s'] fees [is not included because] . . . it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included within the sum offered." *Kyreakakis*, 732 F. Supp. at 1293 n.6 (quoting *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988)). Thus, with respect to attorneys' fees, the Court only considers whether or not they were explicitly waived. *Torres*, 189 F.3d at 334.

Here, the Offer provides for attorneys' fees without stating how the fees would be apportioned.[10] (*See* Notice of Acceptance.) Accordingly, the Court concludes that attorneys' fees

---

[10] Specifically, the plain reading of the Offer states: "the amount of $3,001.00 together with reasonable attorney[s'] fees and costs[.]" (Notice of Acceptance.)

were intended to be allocated equally between both Counts, because Plaintiff demanded attorneys' fees in both the Original and Amended Complaints under Counts One and Two. (*See* Compl. 6-7; Am. Compl. 6-8.)

Finally, in response to the bankruptcy order, the Court must apportion the $3001 Award between each Count. *See In re Machado*, No. 16-12533 (Bankr. D.N.J. Feb. 12, 2016). The FDCPA provides that "in the case of any action by an individual, such additional damages [may be awarded] as the [C]ourt may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Consistent with the statute, the Court allocates the maximum of $1000 of the $3001 Award to Count One and the remaining $2001 to Count Two.

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED** as modified in the amount of $2715 to be equally apportioned among both Counts. The Award is divided as follows: (1) $1000 apportioned to Count One; and (2) $2001 apportioned to Count Two. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 30, 2017